# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JORGE FLORES-ALFARO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 4:15-cv-00618-KOB-SGC |
| | ) |
| SCOTT HASSELL, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The petitioner, Jorge Flores-Alfaro, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224, (doc. 1), challenging his continued detention pending removal pursuant to the Immigration and Nationality Act. *See generally, Zadvydas v. Davis*, 533 U.S. 678 (2001). On August 3, 2015, the respondents filed a motion to dismiss this action as moot on the grounds the petitioner has been removed from the United States. (Doc. 8). As support for their motion, the respondents attached to the motion the declaration of the Supervisory Detention and Deportation Officer of the U.S. Immigration and Customs Enforcement facility in Gadsden, Alabama, stating that the petitioner was deported to El Salvador on July 31, 2015. (Doc. 8-1).

Because ICE has removed the petitioner from the United States, the court can

1

no longer provide meaningful relief, and the petition for a writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'"); *see also Spencer v. Kemna*, 423 U.S. 1, 8 (1998) (once habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine).

Accordingly, the motion to dismiss (doc. 8) is due to be GRANTED, and this action is due to be DISMISSED AS MOOT. Moreover, because his action is moot, the court finds that the petitioner's "Request for Permission to File a Late [S]ubmission of Affidavits and other Materials" (doc. 7) also is due to be DISMISSED AS MOOT.

The court will enter a separate Final Order.

DONE and ORDERED this 8th day of September, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE